Maria C. Roberts, SBN 137907
mroberts@greeneroberts.com
Dessi N. Day, SBN 207699
dday@greeneroberts.com
Noel J. Meza, SBN 331169
nmeza@greeneroberts.com
GREENE & ROBERTS
402 West Broadway, Suite 1025
San Diego, CA 92101
Telephone:  (619) 398-3400
Facsimile:   (619) 330-4907

Attorneys for Defendant Centro de Salud de la
Comunidad de San Ysidro, Inc., dba San Ysidro Health

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRIA ILENE KABITZKE on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CENTRO DE SALUD DE LA COMUNIDAD DE SAN YSIDRO d/b/a SAN YSIDRO HEALTH, a California corporation; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No.  **'22CV1752 H    BGS**<br><br>Action Date:  September 8, 2022<br>Trial Date:     Not Yet Set<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT CENTRO DE SALUD DE LA COMUNIDAD DE SAN YSIDRO, INC., DBA SAN YSIDRO HEALTH**<br><br><u>ACCOMPANYING DOCUMENTS</u>: CIVIL COVER SHEET; DECLARATIONS OF MARIA C. ROBERTS; VERONICA DELA ROSA AND KATRINNA CRAIG; NOTICE OF PARTIES WITH FINANCIAL INTEREST |

**TO:**   **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

**AND TO:**   **ALEXANDRIA ILENE KABITZKE, on behalf of herself and all others similarly situated, and her attorneys of record:**

Defendant Centro de Salud de la Comunidad de San Ysidro, Inc., dba San Ysidro Health ("San Ysidro Health),[1] by and through the undersigned attorneys, hereby removes Case No. 37-2022-00036081-CU-OE-CTL, from the Superior Court for the State of California, County of San Diego, where it was filed and is currently pending, to the United States District Court for the Southern District of California pursuant to Title 28 of the United States Code, sections 1332, 1441, 1446, and 1453. As addressed below, original jurisdiction exists in this action pursuant to Title 28 of the United States Code, section 1332, subdivision (d), the Class Action Fairness Act ("CAFA"), and section 1453, and as otherwise specified herein. In support of this removal, San Ysidro Health states as follows:

**I.   Statement of Case**

San Ysidro Health is a non-profit federally qualified health center which has for more than 50 years provided care to hundreds of thousands of individuals and families at more than 100 offices located across San Diego County including: medical clinics, dental clinics, behavioral health centers, HIV centers, WIC nutrition centers, mobile medical units, school-based health centers, chiropractic services, pediatric developmental and teen clinics, senior health center and Program for All Inclusive Care for the Elderly (PACE). (Dela Rosa Decl., ¶4.) At least one of the nonexempt employees of San Ysidro Health who has been employed by the company over the past three years moved out of state to Texas and is no longer domiciled in California. (Craig Decl., ¶3.)

---

[1] By filing this Notice of Removal, San Ysidro Health does not waive any of its rights to any objections or defenses, including jurisdictional ones, and expressly reserves the right to amend and supplement this Notice of Removal.

1

NOTICE OF REMOVAL

During the putative class period as defined in the complaint filed by ALEXANDIA KABITZKE, (September 8, 2018, to the present), San Ysidro Health employed more than 3,000 nonexempt employees in more than 270 different positions.  Of those employees, at least 500 are former employees. (Craig Decl., ¶4(c).)  Non-exempt employees of San Ysidro Health are scheduled to work five 8-hour shifts per week and a few work occasionally on Saturdays.  (Craig Decl., ¶4(d).)

San Ysidro Health presently employs about 1,750 nonexempt employees, who, when working their regular full time schedule, work at least 45 weeks/year.  (Craig Decl., ¶4(a).)  Although the number of weeks worked by San Ysidro Health's nonexempt employees declined in 2020 and in 2021 due to the COVID pandemic, the number of work works has now resumed to pre-COVID standards. (Craig Decl., ¶4(e).)

On September 8, 2022, ALEXANDRIA KABITZKE ("Plaintiff"), a former employee of San Ysidro Health, filed a putative class action complaint captioned, *Alexandria Ilene Kabitzke v.* Centro de Salud de la Comunidad de San Ysidro, Inc., dba San Ysidro Health. The case was filed in the Superior Court for the State of California, County of San Diego, Case No. 37-2022-00036081-CU-OE-CTL. (Roberts Decl., ¶3; Exh. 1.) In the complaint, Plaintiff alleges that San Ysidro Health conducts substantial and continuous business activities in San Diego County, California, that she was formerly employed by it as a non-exempt employee; and that San Ysidro Health implemented policies and practices which resulted in her and nonexempt employees being denied:

(1) minimum and overtime wages for all hours worked;
(2) proper meal and rest periods;
(3) an hour of premium pay for non-compliant meal/rest periods;
(4) reimbursement for business expenses incurred;
(5) accurate itemized wage statements; and

/ / /

(6) final wages upon termination.

(Exh. 1, ¶¶13-18.)

Plaintiff has asserted all of her claims and causes of action both individually and on a putative class basis and seeks to represent a putative classes of all hourly, nonexempt employees who were employed by San Ysidro health in California from September 8, 2018 to the present. (Exh. 1, ¶21.)

## II. San Ysidro Health Has Satisfied the Procedural Requirements for Removal

On October 10, 2022, Plaintiff left a copy of her summons and complaint with a receptionist at a San Ysidro Office. (Dela Rose Decl., ¶5; Exh. 2.) Removal is timely pursuant to 28 U.S.C. §1446(b) because 30 days or fewer have passed since Plaintiff served the complaint on San Ysidro Health. (Roberts Decl., ¶4.)

Pursuant to 28 U.S.C. §117, the United States District Court for the Southern District of California, is the federal judicial district and division encompassing the Superior Court of the State of California, County of San Diego, where this lawsuit was originally filed. Venue is, thus, proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

As required by 28 U.S.C. §1446(a), San Ysidro Health attaches a copy of all process, pleadings, and orders served upon it as Exhibit 2. (Roberts Decl., ¶4.)

## III. Removal Is Proper Because the Court Has Subject Matter Jurisdiction Under 28 U.S.C. §§ 1332, 1441, 1446, and 1453

Pursuant to Title 28 of the U.S. Code, section 1332(d)(2), this Court has original jurisdiction over any civil action with more than 100 class members where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which *any member of a class of plaintiffs is a citizen of a state different from any defendant*. 28 U.S.C. §1332(d)(2). Congress enacted the Class Action Fairness Act ("CAFA"), to "facilitate adjudication of certain class actions in federal court." Therefore, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court

if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing *Standard Fire Ins. Co. v. Knowles*, 568 S. Ct. 1345 (2013)).

### A. Plaintiff's Complaint Constitutes a "Class Action"

This case meets the CAFA definition of a class action: "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure." 28 U.S.C. §1332(d)(1)(B); *Id.*, §1435(a)(b). Plaintiff's complaint was filed under a state judicial procedure, California Code of Civil Procedure section 382, which authorizes an action to be brought by one or more representative persons as a class action. (Exh. 1, ¶¶ 21-25.) Consequently, the complaint constitutes a class action under CAFA.

### B. The Putative Class as Pled Far Exceeds More Than 100 Members

In paragraph 21 of her complaint, Plaintiff defines the putative class as "[a]ll employees who are or were employed by [San Ysidro Health] in the state of California as hourly nonexempt employees within four (4) years prior to the date this lawsuit is filed (liability period). (*See* Exh. 1, ¶21.)

The total number of nonexempt employees who worked for San Ysidro Health in the putative class period exceeds 3,000. (Craig Decl., ¶4(b).) Thus, the size of the putative class far exceeds 100 persons, as required by 28 U.S.C. §1332(d)(5)(B).

### C. The Parties Meet the Minimal Diversity Requirements

CAFA requires only "minimal diversity" between the parties. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). The requirement of minimal diversity is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A). For purposes of determining diversity, an individual person is deemed to be a citizen of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

///

Here, Plaintiff, ALERANDRIA KABITZKE, is a resident of the State of California. (Exh. 1, ¶8.) San Ysidro Health —the named Defendant in this action—is a California non-profit corporation, established in and under the laws of California in 1975. (Dela Rosa Decl., ¶3; Exh. 3.) The putative class, as defined in the complaint, includes those nonexempt employees who worked in California from in the four years before the complaint was filed on September 8, 2022. (Exh. 1, ¶21.) At least one putative class member no longer lives in California but resides in Texas. (Craig Decl., ¶3.) Based on these facts, the putative class action meets the minimal diversity requirements for removal. *Serrano v. 180 Connect, Inc.*, 478 F.3d at 1021; 28 U.S.C. § 1332(d)(2)(A).

**D.     Based on the Allegations of the Complaint and the Claims as Pled by Plaintiff, The Amount in Controversy Exceeds the Sum or Value of $5,000,000**

Under CAFA, the claims of the individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2), (d)(6). While denying all liability, San Ysidro Health ***avers for the purposes of this Notice only*** that Plaintiff's individual and putative class claims as pled place more than $5 million in controversy (excluding interest and costs).

Under CAFA, removal is proper if the allegations of the complaint and the notice of removal demonstrate that it is "more likely than not" that the amount in controversy exceeds $5,000,000. *Rodriguez v. AT&T Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning previous Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" under some circumstances). This standard is satisfied here[2] and San Ysidro Health is permitted to include a plausible

---

[2] San Ysidro Health denies Plaintiff's allegations and claims of liability and damages and denies that this matter is properly brought or should proceed as a class action. However, for the purposes of removal, San Ysidro Health and the Court must rely on the allegations pled. *See Standard Fire Ins.*, 568 S. Ct. at 1350 ("CAFA, however, permits the federal court to consider only the complaint that the plaintiff has filed, i.e.,

5

NOTICE OF REMOVAL

allegation, without evidentiary submissions, that the requisite amount in controversy is met. *See, Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 551.

For purposes of the computations below, San Ysidro Health has included at least 3,000 of the nonexempt employees who worked for it in California during the putative class period:

### 1. Plaintiff Seeks Recovery for Herself and the Putative Class of at least 3,000 individuals for Alleged Violations of California Labor Code §§1194 and 1199 Related to the Payment of Wages

Although disputed, in support of the first cause of action for alleged violations of California Labor Code §§1194 and 1199, Plaintiff asserts San Ysidro Health had policies and practices resulted in Plaintiff and nonexempt employees "not receiving minimum wages for time spent working off the clock while subject to the control of [San Ysidro Health] all without pay." (Exh. 1, ¶33) Plaintiff further asserts she and the putative class she seeks to represent are entitled to recovery of "all earned wages including minimum wage and overtime compensation" and recovery of interests, penalties, attorneys' fees and costs from September 8, 2018. (Exh. 1, ¶34.)

San Ysidro Health employed more than 3,000 nonexempt employees in California between the dates of September 8, 2018 to the present and those individuals earned a rate of pay of at least $15.00/hour. (Craig Decl., ¶4(b).)

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

*this* complaint, not a new, modified (or amended) complaint that might eventually emerge.") (emphasis in original).

**Based on the following conservative assumptions and allegations pled in the complaint, at least $3,756,000 could be owed to putative class members in unpaid overtime, (not including interest, statutory, and civil penalties, attorneys' fees, or costs of suit):**

- In the years 2018-2019, at least 1,700 of San Ysidro Health nonexempt employees worked at least 45 weeks/year;
  - From September 8, 2018 (the start of the class period) to December 31, 2019, the 1,700 nonexempt employees worked at least 127,500 workweeks (1700 x 75 weeks).
- In the years 2020 and 2021, at least 1,500 nonexempt employees worked at least 20 weeks/year, for a total of at least 60,000 workweeks (1500 x 40 weeks);
- In the year 2022, at least 1,700 nonexempt employees worked at least 37 weeks through October 31, 2022, for a total of at least 62,900 workweeks (1,700 x 37 weeks).
- Assuming $15 is owed to the nonexempt employees for each week they worked since September 2018, the minimum due in alleged unpaid overtime is $3,756,000 ($15 x 250,400 weeks)

(*See*, Craig Decl., ¶4.)

### 2. Plaintiff Seeks Recovery for Herself and The Putative Class for Alleged Violations of California Labor Code §§226.7 and 512 Related to the Provision of Meal Periods

Although disputed, in the second cause of action, for alleged violations of California Labor Code sections 226.7 and 512 and the applicable IWC Wage Orders, Plaintiff asserts San Ysidro Health failed in to provide her and all nonexempt employees in California with 30 minute uninterrupted meal periods when working shifts in excess of 5 hours and failing to provide compensation for non-compliant meal periods. (Exh. 1, ¶37.)  As a result, Plaintiff seeks to recover the wages owed, as well as interest and penalties.  (*Id*., at ¶¶38-39.)

As shown, San Ysidro Health employed at least 3,000 nonexempt employees in California over the 48 month plus putative class period, who worked at least 250,400 workweeks.  (*See*, Craig Decl., ¶¶4(b), (d), (e).) **Again, although disputed, assuming**

**just one alleged meal period violation occurred per workweek in just *half of the putative class period*, the potential premium pay, assuming a regular rate of pay of $15.00/hour, that could be owed for such alleged violations is $1,878,000 [$15.00 x 125,200 weeks].)** (*Id*.) And, this also does not include Plaintiff's related claims for alleged interest, civil penalties, or costs of suit.

### 3. Plaintiff Seeks Recovery for Herself and the Putative Class for Alleged Violations of California Labor Code §§ 226.7 Related to the Provision of Rest Periods.

In support of her third cause of action for alleged violations of California Labor Code §§226.7 and applicable IWC Wage Orders, Plaintiff alleges San Ysidro Health failed to authorize and permit lawful rest periods for nonexempt employees in California or to compensate the employees for non-compliant rest periods. (Exh. 1, ¶¶42-43.) On behalf of herself and the putative class, Plaintiff seeks to recover wages, interest, and civil penalties for alleged rest period violations. (*Id*., at ¶43.)

Again, as shown, San Ysidro Health employed at least 3,000 nonexempt employees in California over the 48 month plus putative class period, who worked at least 250,400 workweeks. (Craig Decl., ¶4(b), (d), and (e).) **Once again, although disputed, assuming just one alleged rest period violation occurred per workweek *in just half of the putative class period*, the potential premium pay, assuming a regular rate of pay of $15.00/hour, that could be owed for such alleged violations is $1,878,000 [$15.00 x 125,200 weeks.)** (*Id*.) And, this also does not include Plaintiff's related claims for including interest, civil penalties, or costs of suit.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

8

NOTICE OF REMOVAL

### 4. Plaintiff Seeks Recovery for Herself and the Putative Class for Alleged Failure to Timely Pay Wages in Alleged Violation of California Labor Code §203.

In support of her sixth cause of action for alleged violations of California Labor Code sections 201–203, Plaintiff alleges San Ysidro Health failed to timely pay to her and the putative class members wages due at the end of their employment, entitling them to up to thirty (30) days of continued payment of wages. (Exh. 1, ¶¶56-58.)

During the class period, at least 500 of San Ysidro Health's nonexempt employees left their employment. (Craig Decl., ¶4(c).) These individuals were earning at least $15.00/hour and worked regular shifts of 8 hours/day, five days per week. (Craig Decl., ¶4(b).) **With regard to these employees, the potential waiting time penalties owed to them, assuming just 10% did not receive all wages due at the time of termination would be $180,000 (50 former employees x $15 x 8 hours x 30 days).** This amount also does not include Plaintiff's related claims for costs of suit or attorney's fees.

### 5. Plaintiff Seeks Recovery for Herself and the Putative Class for Alleged Violations of California Labor Code § 226 Related to the Provision of Accurate Wage Statements.

In support of her seventh cause of action for alleged violations of California Labor Code §226(b), Plaintiff alleges "on information and belief" that San Ysidro Health failed to provide her and the putative class members in California with wage statements containing the information required by law. (Exh. 1, ¶61.) Plaintiff also alleges that she and the putative class were injured as a result of not being aware of the full compensation to which they were entitled, entitling them to all a maximum of $4,000 each for record-keeping violation. (Exh. 1, ¶63.)

**Assuming, conservatively, that just 850 of San Ysidro Health's 3,000 non-exempt employees experienced a wage statement violation each pay period over a year, the potential value of the alleged, albeit disputed, section 226 penalties, is $1,997,500 (850 x $2,350).**

/ / /

In sum, while the merits of this case are disputed, as shown herein, a conservative estimate of the amount in controversy totals **$9,689,500** (not including attorney's fees, costs, and interest). This amount is based on just five of the eight causes of action pled:

| | |
|---|---:|
| Overtime wages: | $3,756,000 |
| Meal break violations: | $1,878,000 |
| Rest break violations: | $1,878,000 |
| Waiting time penalties: | $180,000 |
| Wage statement violations: | $1,997,500 |
| **Total:** | **$9,689,500** |

This amount does not include any of the attorneys' fees sought by Plaintiff under the other fourth, fifth or eighth causes of action pled. **Further, assuming a conservative estimate of attorneys' fees of $1,937,900 (which is 20% of the estimated exposure), that would increase the estimated amount in controversy to $11,627,400.**

By filing this Notice of Removal Defendant, San Ysidro Health, does not waive any of its rights to any objections or defenses, including jurisdictional, and expressly reserves the right to amend and supplement this Notice of Removal.

WHEREFORE, San Ysidro Health prays that the above-entitled action be removed from the San Diego County Superior Court to the United States District Court for the Southern District of California, for all further proceedings.

Dated: November 9, 2022     GREENE & ROBERTS LLP

By: /s/ *Maria C. Roberts*
     Maria C. Roberts
     Dessi N. Day
     Noel J. Meza
     Attorneys for Defendant
     Centro de Salud de la Comunidad de San Ysidro, Inc., dba San Ysidro Health